IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOM FISHER,                          )
                                     )      CIV. S-04-2290 GEB DAD
                    Plaintiff,       )
                                     )
       v.                            )      ORDER
                                     )
EDWARD JAMES BURNS, dba STUDIO       )
COCKTAIL LOUNGE,                     )
                                     )
                    Defendant.       )
_____)

       On April 27, 2005, Plaintiff's counsel sent a letter to
chambers in which he states in pertinent part, "I am pleased to report
that this disabled access case has settled as to injunctive relief,
subject to Court's approval of the enclosed proposed Consent Decree
and Order."[1]  The parties state in what they characterize as a consent
decree that "[i]f any term of this Consent Decree and Order is
determined by any court to be unenforceable, the other terms . . .
shall nonetheless remain in full force and effect."  (Consent Decree
at 7.)

       Careful reading of what the parties assert is a consent
decree leads ineluctably to the conclusion that the parties have not
proposed a genuine "consent decree."  The term "consent decree"

_____

       [1]   The letter was filed on April 27.

1

"'means consensual court-ordered relief.'"[2]   <u>Benjamin v. Jacobson</u>, 172
F.3d 144, 155 (2d Cir. 1999) (internal brackets omitted).  Here, in
addition to injunctive relief issues, the parties have mentioned in
their proposed "consent decree" pending litigation of state claims.
But the parties have not explained why they included ongoing and
unresolved litigation in the proposed consent decree.  Since that
litigation does not have bearing on the parties' settlement of
"injunctive relief issues," the only question is whether the parties
have provided sufficient reason to have that settlement included in a
consent decree or another federal court order.

   The parties have not shown the need for injunctive relief.
The parties' "injunctive relief" settlement "is just another contract
to be enforced in the usual way, that is, by a fresh suit" since
sufficient reason has not been provided justifying the exercise of
federal jurisdiction over it.  <u>Jessup v. Luther</u>, 277 F.3d 926, 929

---

[2]     The customary definition of "consent decree"
likens such decrees to judgments, *see Black's Law
Dictionary* 410 (6th ed. 1990) (defining "consent
decree" as "[a] judgment entered by consent of the
parties whereby the defendant agrees to stop
alleged illegal activity without admitting guilt
or wrongdoing"), and in ordinary usage a judgment
is "[a] final decision of the court resolving the
dispute and determining the rights and obligations
of the parties."  "Relief," on the other hand,
typically is equated with "remedy," which is "the
means by which a right is enforced or the
violation of a right is prevented, redressed, or
compensated."  Inasmuch as a remedy effectuates
the adjudication expressed in a judgment, one
ordinarily would assume that "relief," by
extension, effectuates the legal decision, arrived
at by consent, in a "consent decree."

<u>Inmates of Suffolk County Jail v. Rouse</u>, 129 F.3d 649, 654 (1st Cir.
1997) (case citations omitted).

(7th Cir. 2002).  The exercise of federal jurisdiction over a
settlement agreement is not automatic; the Court must determine
whether its exercise of jurisdiction is "essential to the conduct of
federal-court business."  Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375, 381 (1994).  Thus, the parties' stipulation that the
federal court will exercise jurisdiction over their settlement
agreement "is not binding on the court."  Arata v. Nu Skin Int'l,
Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).

        Nor have the parties shown that the "injunctive relief" to
which they have agreed obligates the federal court to exercise
jurisdiction over that agreement.  "[A] federal judge . . . is not
mechanically obligated to grant an injunction for every violation of
law."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) (citing
Tennessee Valley Auth. v. Hill, 437 U.S. 153, 193 (1978)).  "The
requirements for the issuance of a[n] injunction are the likelihood of
substantial and immediate irreparable injury and the inadequacy of
remedies at law."  Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d
1486, 1495 (9th Cir. 1996) (citation and quotation marks omitted).
The parties have not shown that Plaintiff lacks an adequate remedy at
law to enforce the settlement agreement.  Since the parties represent
they have agreed to settlement terms and indicate that Defendant will
comply with them, reason has not been provided for issuance of an
injunction to enforce any aspect of the settlement.

        Further, part of the settlement concerns a women's restroom.
(Consent Decree Attachment A obligates Defendant "to provide at least
. . . one fully accessible women's restroom . . . ").  Plaintiff is a
man who uses "a wheelchair or walker for locomotion" (First Amended
Complaint at 1-2), and he has not shown he has standing under the

3

Americans with Disabilities Act ("ADA") to have accessibility barriers for women remedied.  See Parr v. L&L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1082 (D. Haw. 2000) (holding a plaintiff lacked "standing to sue for barriers that [were] not related to Plaintiff's specific disability . . .").  It has not been shown that the federal court should exercise jurisdiction over a settlement agreement which contains accessibility relief of a different kind than Plaintiff had standing to assert in the settled litigation.

Since the ADA claims have settled, except for any recoverable attorney's fees and costs, decision is reached on whether to continue exercising jurisdiction over Plaintiff's remaining state claims.  Plaintiff has remaining state "claims for statutory, actual, treble and personal injury damages [,and] attorney fees, litigation expenses and costs . . . ."  (Consent Decree at 4.)  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  28 U.S.C. § 1367(c).  "Factors . . . to consider in deciding whether to [exercise] supplemental [jurisdiction over the] state claims include economy, convenience, fairness, and comity."  Pickern v. Best Western Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) (citing Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992)).  "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."  Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997)).

1    Here, the record does not indicate that the unresolved state
2    claims should be litigated in federal court.  Further, any state
3    contractual issue arising out of the parties' settlement of the ADA
4    claims could also be litigated in state court, unless a basis exists
5    to later litigate said issue in federal court.  Thus, the balance of
6    the factors favors dismissal of the state claims under 28 U.S.C.
7    § 1367(c).  Therefore, Plaintiff's state claims are dismissed without
8    prejudice under 28 U.S.C. § 1367(c) as of the date on which this Order
9    is filed.

10    Any motion for attorney's fees and costs concerning the ADA
11    claims shall be filed and served not later than thirty (30) days after
12    this Order is filed.  Any opposition shall be filed not later than
13    forty-five (45) days after this Order is filed.

14    IT IS SO ORDERED.
15    Dated:  May 19, 2005

16
17                              /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
18                              United States District Judge
19
20
21
22
23
24
25
26
27
28